UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTIONETTA DIGGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 13 C 624 |
| | ) |
| LINEBARGER, GOGGAN BLAIR & SAMPSON, LLP, | )   Judge Rebecca R. Pallmeyer |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Linebarger, Goggan, Blair & Simpson, LLP, has moved to compel arbitration of employment discrimination claims filed against it by Plaintiff Anionetta Diggs. For the reasons set forth here, the motion is granted.

From September 2008, when she returned to work following a layoff, until April 2011, Plaintiff Diggs worked as an account representative for Defendant Linebarger, Goggan, Blair & Sampson, LLP, a law firm that provides collective services to government entities. In late 2010, Plaintiff developed a wrist disorder that interfered with her ability to type and was exacerbated by pregnancy. She took intermittent leave in the spring of 2011 and, after the doctor notified her employer of her need for a further leave, was terminated. In this lawsuit, Plaintiff alleged that her termination violated the Family Medical Leave Act and the Illinois Human Rights Act.

Defendant moved to compel arbitration of the parties' dispute pursuant to an agreement that Plaintiff signed on September 22, 2008. Five pages in the Employee Handbook are devoted to the matter of arbitration; those pages, labeled "Arbitration of Disputes," describe the arbitration procedure in some detail and identify certain disputes (not at issue here) as not subject to arbitration. The handbook explains that "each employee is required to enter into this Agreement in exchange for employment with the Firm and the Firm's agreement to resolve any disputes with each employee in the same manner." (Arbitration of Disputes Provisions, Ex. 1 to Def.'s Motion to

Stay, at 1.) It explains, further, that although, in the absence of an arbitration agreement, either party could present a case to a jury, by virtue of the arbitration agreement, "employees give up their right to sue the Firm and the Firm is giving up its right to se employees in court, as well as the right to trial by jury." (*Id.*)

Diggs manifested her agreement to this procedure by dating and signing a one-page document entitled "ARBITRATION OF DISPUTES AGREEMENT." The single-page document reads in full as follows:

> **IMPORTANT**: I have read the "Arbitration of Disputes" provision in this Handbook. I understand its provisions and I specifically agree to its terms. That means that by signing below, I agree to arbitrate, rather than litigate in court, any and all claims arising out of or relating to my employment with the Firm (other than those claims specifically excluded in the "Arbitration of Disputes" provision) including but not limited to all claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act, the Age Discrimination in Employment act and all related statutes, state and federal.

Plaintiff's printed name and signature appear below this paragraph. Plaintiff is bound by this agreement, Defendant urges, citing the general policy in favor of arbitration of all claims, including employment claims. *See Circuit City Stores, Inc. v Adams*, 532 U.S. 105 (2001) (only contracts with transportation workers are exempt from the reach of the Federal Arbitration Act).

Plaintiff nevertheless objects to Defendant's motion to compel arbitration of her claims. She argues that the agreement is not mutually enforceable. Some case law supports her position. For example, in *Gibson v Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997), the Seventh Circuit acknowledged that an employee and employer may agree to arbitrate federal claims and that an agreement to arbitrate is treated like any other contract and is governed by state law (in that case, the law of Indiana). The court observed, further, that the employee in *Gibson* had signed a contract in which she agreed to "the grievance and arbitration provisions set forth in the Associates Policy Manual." *Id.* at 1128. The manual itself, however, stated that it did "not constitute a contract or promise of any kind" on the part of the employer. *Id.* The court noted, further, that plaintiff's

2

promise to arbitrate was not supported by consideration in the form of the employer's promise to hire or to continue to employ her. *Id.* at 1131. Under those circumstances, the Seventh Circuit refused to require the employee to arbitrate her claims under Title VII and the Americans with Disabilities Act. *Id.* at 1132. Here, similarly, Plaintiff acknowledges signing the single-page agreement to arbitrate, but points to language in the Employee Handbook that reserved the employer's right to revise or rescind its policies and expressly disclaimed the Handbook's construction as a contract. Plaintiff concludes that Defendant is not bound by the arbitration provisions and that the agreement to arbitrate is therefore unenforceable for lack of mutuality.

Defendant emphasizes that this case differs from *Gibson* in that, although the arbitration agreement Plaintiff signed makes reference to the employee handbook, that agreement stands alone, on a separate page. The circumstances are in this respect nearly identical to those in *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 835 (9th Cir. 1997), where the Eighth Circuit compelled arbitration of an employment dispute pursuant to a stand-alone agreement despite general contract disclaimer language that appeared in the employee handbook. And, although Defendant did not cite it, this court notes that the Seventh Circuit reached a similar conclusion in *Michalski v. Circuit City Stores, Inc.*, 177 F.3d 634 (7th Cir. 1999). In that case, the district court had refused to compel arbitration pursuant to the employer's "Associate Issue Resolution Program," reasoning that the employer had not given any consideration for the employee's agreement to that program. On appeal, the Seventh Circuit noted the strong federal policy in favor of arbitration, even of federal statutory claims. The court recognized that the arbitration agreement that plaintiff had signed did not itself bind the employer, but distinguished *Gibson* by pointing out that "the employer's commitment to arbitrate is found" in other materials given to the employee, including language from the employee handbook. 177 F.3d at 637. That commitment constituted adequate consideration for the employee's agreement to arbitrate. The majority opinion in *Michalski* does not address the question of whether those other materials were themselves binding on the employer, but the dissent

3

makes clear that they were not. "What the Rules and Procedures also make clear, however, is that [defendant employer] remains free to alter the terms and conditions of the arbitration program." *Id.* at 638 (Rovner, J., dissenting). Yet that freedom did not preclude a ruling compelling the employee to arbitrate.

This case thus appears to be on all fours with *Michalski*. Plaintiff signed a one-page arbitration agreement when she returned to work after layoff. The one-page document on its face requires arbitration of this dispute. The agreement is governed by Illinois law, which favors arbitration in these circumstances. Language in the employee handbook confirms that Defendant, too, is bound by the arbitration provisions. Indeed, it appears that Illinois courts would conclude there is consideration for the arbitration in this case even if Plaintiff is correct that general disclaimer language in the handbook means Defendant is not bound by it: In *Melena v. Anheuser-Busch, Inc.*, 219 Ill.2d 1335, 847 N.E.2d 99 (2006), the Illinois Supreme Court reversed the lower courts' refusal to compel arbitration of an employment dispute pursuant to a "dispute resolution program" set forth in a mailing that the employee received one year after she started work. The Court held that the employee's continued employment for two more years was evidence that she accepted the offer and had received consideration for the agreement. *Id.* at 151-52, 847 N.E.2d at 109.

Recent reported and unreported decisions from the Seventh Circuit uniformly require arbitration of employment disputes addressed by such agreements. *See Oblix, Inc. v. Winiecki*, 374 F.3d 488 (7th Cir. 2004); *Baumann v. Finish Line, Inc.*, Nos. 09-3389, 10-3418, 421 Fed.Appx. 632 (7th Cir. Apr. 28, 2011); *Scaffidi v. Fiserv, Inc.*, No. 06-3123, 218 Fed.Appx. 519 (7th Cir. Feb. 28, 2007); *Perdue v. RBC Mortg. Co.*, No. 05-2926, 156 Fed.Appx. 824 (7th Cir. Nov. 14, 2005). Concerned that the cost of arbitration might be prohibitive for Ms. Diggs, this court ordered that Defendant absorb that cost. (Docket Entry No. 32.) On that condition, an order compelling arbitration is appropriate.

4

## **CONCLUSION**

The parties' motions for clarification of this court's orders [33, 35] are granted. Defendant's motion to compel arbitration is granted, and this case is dismissed without prejudice to arbitration. As this order is a "final decision with respect to an arbitration," it is immediately appealable. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000).

ENTER:

Dated: October 22, 2013

_____
REBECCA R. PALLMEYER
United States District Judge